**Light Townsend TAYLOR, alias,
L. T. Taylor, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47013.**

Court of Criminal Appeals of Texas.

May 29, 1974.

Rehearing Denied Sept. 24, 1974.

Joe Edwin Naron, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for engaging in a business to operate a coin-operated music ma-

chine without a license; the punishment assessed was a fine of $500.00

Appellant challenges the constitutionality of Article 13.17, Tax.-Gen., V.A.T.S., under which he was convicted. This statute, Sec. 16(1), reads:

"The annual license fee for either an import or a general business license shall be based on the number of music and the number of skill and pleasure, coin-operated machines in which each licensee shall have any interest as set forth in Section 8 of this article; and said annual fee shall be Ten Dollars ($10.00) for each such coin-operated machine, but in no event shall such fee be less that Fifty Dollars ($50.00) nor more than Three Thousand Dollars ($3,000.00). This fee shall be in addition to the tax levied by Article 13.02."

It is appellant's initial contention that the fee imposed by this Article is, in fact, an *occupation tax* and not a license fee, and therefore must be equal and uniform. See Article 8, Sec. 2, and Article 1, Sec. 3, Texas Constitution, Vernon's Ann.St.

■ It is generally the rule of law that a fee is a license fee and not an occupation tax if the primary purpose of such fee appears to be that of regulation; but if the primary purpose appears to be that of raising revenue, such fees are, in fact, occupation taxes, regardless of the name by which they are designated. Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (1937), after certified questions, 113 S.W.2d 929 (Tex.Civ.App.—Dallas, 1938, no writ). As stated in that case, it is sometimes difficult to determine whether a given statute should be classed as a *regulatory measure or as a tax measure*. See 14 Tex.L.R. 278 (1935–36).

Hurt v. Cooper, supra, involved the Chain Store Tax Law, which prescribed certain annual "license fees"; for example, upon one store the fee was one dollar; upon each additional store in excess of one, but not to exceed two, the fee was six dollars; upon each additional store in excess of two but not to exceed five, the license fee was twenty-five dollars; the graduated fee schedule continued, so that at the top end of the scale, upon each additional store in excess of thirty-five, the fee was $750.00. The Supreme Court of Texas wasted little time in declaring the fees imposed to be occupation taxes and not license fees, in spite of their legislatively-imposed labels. That Court stated, ". . . we experience no difficulty in reaching the conclusion that the so-called license fees levied thereby are primarily occupation taxes." Hurt v. Cooper, supra, at pg. 899.[1]

Other factors are present in the instant case which preclude our reaching such a decision so easily. For example, an "occupation tax," by title is imposed by Article 13.02 V.A.T.S. which states:

"(1) Every 'owner' who owns, controls, possesses, exhibits, displays, or who permits to be exhibited or displayed in this State any 'coin-operated machine shall pay, and there is hereby levied on each 'coin-operated machine', as defined herein in Article 13.01, except as are exempt herein, an annual *occupation tax* of $15.00." (Emphasis added)

\*       \*       \*       \*       \*       \*

As stated in Art. 13.17, Sec. 16, the graduated "license fee" is in addition to the "occupation tax" of $15.00 a year set out above. Unlike the Hurt v. Cooper case, supra, the challenged statute in this case does not contain any language which could

1. The Supreme Court listed the following factors as being among those considered in arriving at their decision: (1) that the act imposed two separate levies, (2) that the act declared that the State was badly in need of revenue, and therefore, the emergency enactment provision was exercised, and (3) the amounts levied appeared to be far in excess of regulatory needs.

directly tie it to a revenue-raising motive on the part of the legislature. See n. 1, supra. Instead, the initial section of Article 13.17 states that the purpose of the act is to "provide comprehensive regulation" of the machines in question. Of course, as previously stated, simply because a statute says it is one thing does not prevent it from being another thing in fact.

The small amount of previous case law on this same subject bears examination. The case of Calvert v. Thompson, 472 S. W.2d 311 (Tex.Civ.App.—Austin, 1971), affirmed in part and reversed and rendered in part, 489 S.W.2d 95 (Tex.Sup. 1972) addressed itself to the constitutionality of several portions of the article in question. There, the Austin Court of Civil Appeals concluded that the *old* Section 16 of Art. 13.17 was not an occupation tax and was not unconstitutional. This former Section 16 stated:

"(1) The annual license fee for each type and place of business licensed under this Article is $300.00."

\* \* \*

Thus, the former "license fee" imposed a flat fee of $300.00 per year on each *place of business*[2] licensed under the act. On appeal to the Supreme Court of Texas, that Court stated that the "clear legislative intent of the Act (Art. 13.17, V.A.T.S.) was to *regulate* those engaged in the business of dealing in coin-operated machines . . . ." (Emphasis added) However, the Supreme Court did not address itself to the validity of the former Section 16. The case now before this Court is apparently one of first impression, there having been no previous challenge to *amended* Section 16.

For the time being, we will concede that the amended Section 16 does not differ in its purpose from the prior law[3] and that it is, in fact, a license fee and not an occupation tax. We are thus confronted with the following: a fee imposed in addition to the "occupation tax" of Art. 13.02, V.A.T.S. which, unlike the prior law, is graduated according to the *number* of machines a licensee has an "interest" in, with an arbitrarily imposed minimum and maximum fee. The result of such a change in the law is that a licensee who has an interest in one machine pays the same amount ($50.00) as someone who has interest in five machines. Also, one who has an interest in 300 such machines pays the very same ($3,000.00) as a licensee putting 50,000 machines in places of business.

Since we have for the purposes of this appeal assumed that this does in fact impose only a license fee, the only remaining question is whether such a graduated fee system meets constitutional standards. While it is true that the State has broad discretion in classification in the exercise of its power of regulation, it is also a rule of law that in order to be valid all persons or things *within a particular class or similarly situated* must be affected alike. Fort Worth & D.C. Ry. Co. v. Welch, 183 S.W.2d 730 (Tex.Civ.App.—Amarillo, 1944, writ refused). The appellant's contention that the present system of fee licensing is unreasonable is well taken. The $10.00 per

---

2. Texas Attorney General's Opinion No. M–449 (1969) dealt with this portion of the act and concluded that a licensee under this statute was not necessarily required to procure a separate license for each location where one of his machines was placed, unless that licensee carried on his "distinctive business" also at that location.

3. In the second case of Thompson v. Calvert, supra, 489 S.W.2d at p. 97, the Supreme Court of Texas briefly traced the history of the now-questioned legislation. They stated that " . . . in 1969 the Legislature, in response to a trend of increasing violence and other illegal activity which centered around taverns and night clubs, created a special committee to study the problem. That committee determined that some of those engaged in the coin-operated machine business had gained a great deal of control over and financial interest in certain alcoholic beverage businesses. Art. 13.17 was then passed. . . ." See also, Texas Attorney General's Opinion No. M–449, supra.

machine classification apparently rests on the theory that it takes "x" amount of regulation by the State, *per machine,* to properly supervise the coin-operated machine industry. Such a theory obviously fails when viewed in light of the arbitrarily-imposed minimum and maximum fees. The act, in effect, indicates that the regulation of a licensee with one machine is no more difficult than the regulation of someone with five machines, and that the supervision of 50,000 machines can be as easily accomplished as that of 300. Such a differentiation bears absolutely no reasonable relation to the purposes to be accomplished by the act, and there is *no substantial basis* for the discrimination imposed against the "one-horse" operator or in favor of the very large operator. See Dodgen v. Depuglio, 146 Tex. 538, 209 S.W.2d 588 (1948). The Legislature has exceeded its power here, in establishing a classification system without a substantial basis for the same, and one which is unreasonable, arbitrary and capricious.[4] Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807 (1959); see also, Reed v. City of Waco, 223 S.W.2d 247 (Tex. Civ.App.—Waco, 1949, writ refused).

We hereby hold that Sec. 16 of Art. 13.17 is invalid, unconstitutional and inoperative.[5] Appellant's requested relief is granted; the judgment is reversed and the prosecution ordered dismissed.

ROBERTS, Judge.

DOUGLAS, Judge (dissenting).

This is an appeal from a conviction for engaging in a business of operating a coin operated music machine without a license. Punishment was assessed by the court at a $500 fine.

Appellant was convicted of causing a coin operated machine (jukebox) to be placed in Howard's Drive Inn in Houston under an agreement by which he was to receive fifty percent of the gross receipts of the machine as compensation. It was established that neither appellant nor his company, the Taylor Sales Company, had a valid general business or import license issued by the Texas Vending Commission (now the Texas Amusement Machine Commission).

Appellant challenges the constitutionality of Article 13.17, Title 122A-Taxation-General, V.A.T.C.S., under which he was convicted. Section 16(1) of the statute reads as follows:

"The annual license fee for either an import or a general business license shall be based on the number of music and the number of skill and pleasure, coin-operated machines in which each licensee shall have any interest as set forth in Section 8 of this article; and said annual fee shall be Ten Dollars ($10.00) for each such coin-operated machine, but in no event shall such fee be less than Fifty Dollars ($50.00) nor more that Three Thousand Dollars ($3,000.00). This fee shall be in addition to the tax levied by Article 13.02."

Appellant contends that the fee imposed under this Article is, in fact, an occupation tax which violates the requirements of Article 8, Section 2 of the Texas Constitution

---

4. Obviously, our decision today is not a wholesale rejection of every license fee system which happens to be based on some type of graduated scale. The validity of such a system will always be upheld where there is a substantial *basis* for discriminatory classification. A good example is the system presently used by the State Bar of Texas in its imposition of annual fees for lawyers in this State. The newly licensed attorney, for the first few years, is required to pay a fee substantially less than the one levied against the established practitioner. Clearly, however, there is a rational basis for such discrimination; the young attorney just out of law school generally is not financially able to support his Bar to the degree that he will be able to in later years.

5. Section 16 does not contain a non-severability clause, which would necessitate the voiding of the entire act upon the holding that one section is inoperative. This is unlike Section 25.

which requires that "all occupational taxes shall be equal and uniform upon the same class of subjects." In the alternative, he contends that such fee, if a license fee, violates the equal rights and privileges provisions of Article 1, Section 3 of the Constitution.

The distinction between regulatory and tax statutes is stated in 36 Tex.Jur.2d, Licenses, Section 29, page 620:

"The principle of distinction between regulatory and tax statutes is grounded on raising of revenues. Accordingly, when the primary purpose of a statute prescribing fees is the raising of revenues, the fees are in fact occupation taxes, regardless of how designated. On the other hand, if the primary purpose is regulation, the fees levied are license fees and not taxes."

In Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (1937), cert. granted, 113 S.W.2d 929 (Tex.Civ.App. Dallas, 1938), no writ, the Supreme Court of Texas held certain fees termed "license fees" levied under the Chain Store Tax Act to be primarily occupation taxes. Among the factors considered by the Court in arriving at its decision were the following: (1) that the act imposed two separate levies, (2) that the act itself declared that the State was badly in need of revenue, and (3) that the amounts levied appeared to be far in excess of regulatory needs.

The challenged provision of the statute presently before us bears little resemblance to that of the Chain Store Tax Act. The rate to be applied to determine the license fee is a uniform $10 per machine, although both minimum and maximum fees are provided for. Section 16(1) specifically provides that the fee "shall be in addition to the tax levied by Article 13.02," which itself provides for "an annual occupation tax of $15.00." Section 1 declares the purpose of this to be as follows:

" . . . to provide comprehensive regulation of music and skill or pleasure

coin-operated machines and businesses dealing in these machines, and to prevent persons in these businesses from having certain concurrent financial interests in, or unauthorized financial dealings with, certain alcoholic beverage businesses."

Finally, Thompson v. Calvert, 489 S.W.2d 95 (Tex.Sup.Ct., 1972), traced the history of the challenged statute, noting:

"It is shown in the record that in 1969 the Legislature, in response to a trend of increasing violence and other illegal activity which centered around taverns and night clubs, created a special committee to study the problem. That committee determined that some of those engaged in the coin-operated machine business had gained a great deal of control over and financial interest in certain alcoholic beverage businesses. Art. 13.17 was then passed. . . .

The record is devoid of evidence upon which this Court may conclude that the amounts to be levied under this Article exceed regulatory needs.

It appears that the fees imposed under Article 13.17, supra, are to be license fees imposed for the purpose of meeting regulatory needs and not occupational taxes.

Is the graduated fee system created in Section 16 of the Article arbitrary and unreasonable?

In Dodgen v. Depuglio, 146 Tex. 538, 209 S.W.2d 588 (1948), it is written:

"Where a state may validly require a license, it may make such classifications, subclassifications or exemptions as deemed necessary, so long as such classifications are not unreasonable and arbitrary. . . . 'A classification is never unreasonable or arbitrary in its inclusion or exclusion features so long as there is some basis for the differentiation between classes or subject matters included as compared to those excluded from its operation, provided the differentiation bears a reasonable relation to the pur-

poses to be accomplished by the act. . . .' The mere fact that discrimination is made does not necessarily vitiate the classification, and unless there is no substantial basis for the discrimination, there is no warrant for judicial interference. . . . All that is required is that the enactment shall be applicable to all persons alike under the same circumstances. . . . One who assails the classification * * * must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

Appellant argues that a mere reading of the license fee classification established under Section 16 discloses that the minimum and maximum fees are arbitrary and unreasonable. Under that section, the owner of one machine pays the same fee as the owner of five; the owner of three hundred machines the same fee as the owner of six hundred. He urges that such minimum and maximum fees bear no reasonable relation to the actual cost of regulation, and that, therefore, the classifications are arbitrary and unreasonable on their face.

In the absence of evidence supporting appellant's position, we should not merely assume that the license fee classifications are arbitrary. It is presumed that the Legislature acted within the scope of its powers, and, if there could be a state of facts justifying the legislative action, it is presumed that such a state of facts exists. 12 Tex.Jur.2d, Constitutional Law, Section 42, pages 385–386.

The Legislature no doubt had evidence before it on the subject. We do not. In the absence of evidence regarding the requirements of regulatory efforts in this field, to strike down such a provision of a regulatory act would constitute substituting the judgment and policy considerations of this Court for those of the Legislature.

The appellant, in my opinion, has not carried his burden of overcoming the presumption of statutory validity by showing that the fee classification established by the Legislature in Section 16 of Article 13.17 is essentially arbitrary and unreasonable.

The judgment should be affirmed.

MORRISON, J., joins in this dissent.