Rebecca O'HALLORAN, Appellant,

v.

Joseph O'HALLORAN, Appellee.

No. 8636.

Court of Civil Appeals of Texas, Texarkana.

March 19, 1979.

J. Kent Newsom, Pelletier, Dickens & Newsom, Dallas, for appellant.

Jerry D. Johnson, Elliott, Meer, Vetter, Denton & Bates, Dallas, for appellee.

CORNELIUS, Chief Justice.

On January 23, 1976, appellant and appellee were divorced by decree of the Superior Court of Cobb County, Georgia. Appellant was awarded custody of their child, Patricia Lynn. Appellee was ordered to contribute certain amounts to the child's support, as well as to maintain in force an insurance policy for her benefit. After the divorce, appellee moved to Dallas, Texas. He became delinquent in the support payments, and appellant filed suit in the District Court of Dallas County, pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act,[1] to enforce the Georgia support order. Appellee answered and filed a counter-claim asking the Texas court to modify the Georgia decree by reducing the support payments and expanding his visitation rights. By proper plea, appellant asserted that the court had no jurisdiction to consider the motion to modify the support payments. The court overruled the plea to the jurisdiction, and after trial on the merits, found appellee to be in contempt for failure to make the payments required by the Georgia support order, but then proceeded to modify the Georgia order by reducing the payments by one-half based upon a demonstrated change of conditions. The appeal is from that order.

■ The purpose of the Uniform Reciprocal Enforcement of Support Act was to provide a simplified, consistent and effective mechanism for the interstate enforcement of support obligations. Conventional judicial proceedings had proved unsatisfactory, largely because the defaulting spouse-obligor was frequently outside the jurisdiction, and the obligee could rarely afford to travel to distant states and litigate the question of support obligations. See Annot., 42 A.L.R.2d 768; Fox, *The Uniform Reciprocal Enforcement of Support Act,*

1. Texas Family Code Ann. Sec. 21.01, et seq. (1975).

XII Family Law Quarterly 114 (1978). URESA was designed to avoid those disadvantages by allowing the obligation of support to be established in the obligee's home state, and then allow that right to be enforced in a foreign state by a simplified procedure without having to bring an independent action in the foreign state. Fox, supra, p. 114.

Two subchapters of the Texas version of URESA provide for the interstate civil enforcement of support obligations. The first is known as the "Initiating State—Responding State" civil enforcement procedure which is provided by Secs. 21.21–21.45. That procedure permits a resident of a foreign state to use a court of that state to certify to a Texas court facts showing that a resident of Texas, or one who owns property in Texas, owes an obligation of support to the initiating party. The Texas court then, either with or without conducting a hearing (depending upon whether defenses are raised), determines the duty and the amount of support that is owed, and enforces that obligation either by action against the obligor personally or against his property or both. There is a division of opinion as to whether this procedure allows the responding court to modify an existing support decree of the initiating state. See Fox, supra, p. 130. The majority view is that modification, at least as to future obligations, is permitted if found by the responding state to be justified. See *Koehler v. Koehler*, 559 S.W.2d 944 (Tenn.1977); *Commonwealth v. Byrne*, 212 Pa.Super. 566, 243 A.2d 196 (1968); *Davidson v. Davidson*, 66 Wash.2d 780, 405 P.2d 261 (1965); *Moore v. Moore*, 252 Iowa 404, 107 N.W.2d 97 (1961); Fox, supra; Annot., 42 A.L.R.2d 768 (later case service). The minority view is represented by cases such as *Craft v. Hertz*, 182 N.W.2d 293 (N.D.1970). See also *Hamilton v. Hamilton*, 476 S.W.2d 197 (Ky.1972). The question has not been definitely settled in Texas. Compare, however, *Holmes v. Tibbs*, 542 S.W.2d 487 (Tex.Civ.App.Corpus Christi 1976, no writ).

█ The second method of civil enforcement under URESA is the registration procedure provided by Secs. 21.61–21.66. Those provisions are as follows:

"§ 21.61. Additional Remedies

If the duty of support is based on a foreign support order, the obligee has the additional remedies provided by this subchapter."

"§ 21.62. Registration

The obligee may register the foreign support order in a court of this state in the manner, with the effect, and for the purposes herein provided."

"§ 21.63. Registry of Foreign Support Orders

The clerk of the court shall maintain a registry of foreign support orders in which he shall record foreign support orders."

"§ 21.64. Petition for Registration

The petition for registration shall be verified and shall set forth the amount remaining unpaid and a list of any other states in which the support order is registered and shall have attached to it a certified copy of the support order with all modifications thereof. The foreign support order is registered upon the filing of the petition subject only to subsequent order of confirmation."

"§ 21.65. Jurisdiction and Procedure

The procedure to obtain jurisdiction of the person or property of the obligor shall be as provided in civil cases. The obligor may assert any defense available to a defendant in an action on a foreign judgment. If the obligor defaults, the court shall enter an order confirming the registered support order and determining the amounts remaining unpaid. If the obligor appears and a hearing is held, the court shall adjudicate the issues including the amounts remaining unpaid."

"§ 21.66. Effect and Enforcement of Support Order

The support order as confirmed shall have the same effect and may be enforced as if originally entered in the court of this state. The procedures for the enforcement thereof shall be as in civil cases, including the power to punish the defendant for contempt as in the case of

other orders for payment of temporary alimony, maintenance, or support entered in this state."

As indicated by the statutes, the registration procedure is applicable in those instances where the obligee has previously obtained a support decree in a sister state. In reality, it is simply a proceeding for the enforcement of a foreign judgment, similar to a proceeding under the full faith and credit clause of the United States Constitution. Statute Note, 44 Tex.L.Rev. 814 (1966). As in a full faith and credit inquiry, the only defenses which may be interposed are those which relate to the validity of the original decree, such as a lack of jurisdiction or the existence of procedural defects which render the judgment void. Defenses based upon a claim that the judgment was erroneous or that, according to the law of the forum, the judgment would not have been rendered in the first instance, are not permitted. Statute Note, 44 Tex.L.Rev. 814 (1966). Thus, if one of the limited defenses allowed by Sec. 21.65 is not successfully interposed, the Texas court has only one course to take. It must confirm the decree, determine the amounts thereunder which are unpaid, and employ such enforcement procedures under Sec. 21.66 as may be deemed proper.

 Some version of URESA has been adopted by all fifty of our states, but all of the versions are not identical. The question whether, under the registration procedure, the registering state may modify an existing foreign support order has not, so far as we have been able to determine, been decided in any jurisdiction, and the language of some of the state versions of URESA is not clear on that point, but a careful study of the Texas version of the act, as compared with those adopted by other states, leads us to conclude that it did not intend to permit, in the registration procedure provided for in Secs. 21.61–21.66, the modification by a Texas court of the registered foreign decree. To do so would go against the express provisions of Sec. 21.65 and would tend to defeat URESA's goal of providing a simple and efficient proceeding for enforcing foreign support orders without compelling the out-of-state obligee to come to Texas and relitigate the issues. That such was the goal of the Texas Act is, we think, confirmed by Sec. 21.44, which provides that participation in any proceeding under URESA will not confer upon the court jurisdiction of any of the parties thereto in any other proceeding.

Appellant's petition clearly brought her claim within the registration section to the act. She attached a copy of the support decree, based her right to relief upon Sec. 21.65, and prayed that the Georgia decree be registered and confirmed. In those circumstances, it was error for the court to go beyond the provisions of the act and entertain appellee's motion to modify the support order. Accordingly, the judgment of the trial court is reformed so as to eliminate therefrom all provisions purporting to modify the January 23, 1976, judgment of the Superior Court of Cobb County, Georgia. As reformed, the judgment of the trial court is affirmed.