Jobyna Lee **LITTRELL,** Appellant,

v.

Henry G. **LITTRELL, III,** Appellee.

No. 8431.

Court of Civil Appeals of Texas, Beaumont.

June 5, 1980.

William B. Adair, Houston, for appellant.

Joe R. Blackburn, Houston, for appellee.

KEITH, Justice.

The appeal is from an order entered in a proceeding brought under the Uniform Reciprocal Enforcement of Support Act (URESA), *Sections 21.01, et seq., Tex.Family Code Ann. (1975).*[1]

At a time when all parties were domiciled in the State of Virginia, a court of competent jurisdiction entered a final decree in a divorce action, approved the partition of the property rights of the parties, appointed the wife-mother managing conservator of the two children born of the marriage, and ordered the husband-father to make monthly payments for the support of the children. The father made the payments regularly for some time; but, after he moved to Texas, such payments were not made with regularity and in many instances, only partial payments were made. The mother instituted proceedings under URESA to enforce the support order, attaching authenticated copies of the Virginia proceedings to her petition. She sought registration of the Virginia decree under the provisions of *§§ 21.62–21.66, URESA.* She also sought enforcement of the past-due payments by contempt action in the Texas Court.

After proper service, the father answered seeking a reduction in the amount of the monthly payments required under the Virginia decree; and, the mother, after the father's motion had been filed, sought an upward revision of the support order. After an extensive hearing, the trial court (1) ordered the support order registered and recorded as a foreign support order under *§§ 21.62–21.66*; (2) rendered a money judgment against the respondent-father for the total of the past due installments amounting to $7,575.00, but denied enforcement by contempt proceedings; and (3) reduced the father's support payments *in the future* from the amount set by the foreign court.

The thrust of the appeal is that the trial court lacked jurisdiction to entertain *either* motion to amend the decree by changing the support payments set out in the foreign decree. Alternatively, she argues that if the trial court had authority to make

---

1. All subsequent references shall be to URESA and its several sections unless otherwise noted.

changes, there was an abuse of discretion by reducing instead of increasing the support payments.

Our appellant (the mother) relies exclusively upon *O'Halloran v. O'Halloran,* 580 S.W.2d 870 (Tex.Civ.App.—Texarkana 1979, no writ).[2] We have given careful consideration to the language and the rationale of *O'Halloran* and concur in the holdings therein. URESA was designed to *enforce* foreign support orders in this state by the establishment of a uniform procedural device. To permit the responding state to modify the order which it is called upon to enforce would thwart the laudable objectives of the framers of the legislation. It is apparent that the framers of URESA had in mind a procedure whereby foreign support orders could be enforced in the domicile of the obligor without involving the other issues in the parent-child relationship, including the modification of the terms of support orders.

Under the record which we review, the Virginia Court had continuing jurisdiction over the cause; and, if the father was entitled to relief from the financial obligations imposed upon him by that court, he had but to seek relief there. See and cf. *Follak v. Brown,* 530 S.W.2d 882 (Tex.Civ. App.—Beaumont 1975, writ ref'd n. r. e.), concurring opinion at 885. Under the rationale of *O'Halloran,* supra, the trial court lacked jurisdiction in the URESA proceeding to reduce or to increase the support payments.

The judgment of the trial court, insofar as it ordered the registration and recordation of the foreign support order and entered judgment against the respondent for the sum of $7,575.00 is affirmed. Because the trial court lacked subject matter jurisdiction, the portion of the final judgment entered in the trial court which attempted to reduce the support payments ordered in the original decree is here and now vacated, set aside, and held for naught. This latter action is taken without prejudice to the rights of petitioner to seek an increase in such support order in any court of competent jurisdiction. All costs in all courts are adjudged against the respondent.

Modified and Affirmed.

---

2. Appellant's counsel says: "Petitioner's motion for modification was entered prior to any actual knowledge that the Court has no jurisdiction to enter such an order."