William Michael
BOETSCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–88–0288–CR.

Court of Appeals of Texas,
Amarillo.

Jan. 11, 1990.

Rehearing Denied Feb. 9, 1990.
Discretionary Review Granted
April 11, 1990.

Chuck Lanehart, David A. Schulman, Lubbock, for appellant.

Travis S. Ware, Lubbock, for appellee.

Before DODSON, BOYD and POFF, JJ.

DODSON, Justice.

Appellant William Boetscher appeals from a denial of a petition for writ of habeas corpus in the 72nd District Court of Lubbock County, Texas. By three points of error appellant argues that the State of Texas does not have personal jurisdiction over appellant and he attacks the constitutionality of section 25.05(g)(2) of the Texas Penal Code on its face and as it applies to appellant. We affirm.

On 1 June 1977, appellant and Patricia Boetscher were divorced in Wayne County, Michigan. In the divorce decree, appellant was ordered to pay child support in the amount of $30.00 each week for each of their two children. After the divorce, Patricia Boetscher and the two children moved to Lubbock, Texas. It is undisputed that appellant did not continue to pay child support. Patricia Boetscher filed a cause of action pursuant to the Uniform Reciprocal Enforcement of Support Act, Texas Family Code Annotated section 21.01 *et seq.* (Vernon 1986), in Lubbock, Texas, and the petition was certified and forwarded to the Michigan court. No child support payments were made.

Appellant was indicted for the offense of criminal nonsupport pursuant to Texas Penal Code Annotated section 25.05 (Vernon 1989) on 9 September 1988, and was extradited from Michigan to Texas. Appellant filed an application for a writ of habeas corpus on 26 October 1988 to have the charge dismissed and appellant released from custody. On 3 November 1988, appellant's application for writ of habeas corpus was denied. It is from this denial that appellant appeals.

Appellant asserts by his first point of error that the acts alleged in the indictment are not sufficient to give the State of Texas personal jurisdiction over him. In support of that assertion, appellant claims that section 1.04(a)(1) of Texas Penal Code Annotated (Vernon 1974) does not confer jurisdiction on the Texas courts since section 25.05 of the Texas Penal Code Annotated (Vernon 1989) does not include as an element of the offense, that the children be deprived of support. Appellant claims that section 25.05 requires that the parent be legally obligated to pay support and that he fail to pay support. As a result, appellant

argues the effect which occurred in Texas is not specifically defined by the statute. Appellant also proposes that the due process clause of the fourteenth amendment operates as a limitation on the jurisdiction of the state court over a nonresident defendant relying on *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). In regard to the latter claim, *Kulko* is a civil case and the "effects" test and the concept of minimum contacts as explicated therein has no application in a criminal case.

In Texas, jurisdiction is comprised of the power of the trial court over the subject matter of the case and with personal jurisdiction over the accused. Subject matter jurisdiction is conveyed by statute or constitutional provision. A district trial court in Texas has jurisdiction over criminal matters conferred by virtue of the Texas Constitution. *State ex. rel. Holmes v. Denson,* 671 S.W.2d 896, 898 (Tex.Crim. App.1984); Tex. Const. art. V, § 5. Personal jurisdiction over the accused is invoked by the filing of a sufficient indictment or information if indictment is waived. *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim.App.1981); *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Crim.App. 1980).

The territorial jurisdiction provision which is questioned by appellant is set out in Texas Penal Code Annotated section 1.04 (Vernon 1974) and provides that:

(a) This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if:

(1) either the conduct or a result that is an element of the offense occurs inside this state ...

(c) An offense based on an omission to perform a duty imposed on an actor by a statute of this state is committed inside this state regardless of the location of the actor at the time of the offense. . . .

Section 25.05 of the Texas Penal Code Annotated (Vernon 1989) provides in pertinent part and is incumbent upon the state to prove that:

(a) an individual commits an offense if he intentionally or knowingly fails to provide support for his child younger than 18 years of age, or for his child who is the subject of a court order requiring the individual to support the child.

In *Roberts v. State,* 619 S.W.2d 161, 164 (Tex.Crim.App.1981), the Court of Criminal Appeals explained that section 1.04 incorporated the objective territorial theory outlined by Justice Oliver Wendell Holmes in *Strassheim v. Daily,* 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735, 738 (1911). The state may punish acts done outside a jurisdiction intended to produce and producing detrimental effects within the state as if the actor had been present at the effect. *Id.* The *Roberts* Court elaborated by quoting from 22 C.J.S. Criminal Law section 134 as follows:

If a crime covers only the conscious act of the wrongdoer, regardless of its consequences, the crime takes place and is punishable only where he acts; but, if a crime is defined so as to include some of the *consequences* of an act, as well as the act itself, the crime is generally regarded as having been committed where the consequences occur, regardless of where the act took place, and under a statute so providing a person who commits an act outside the state which affects persons or property within the state, and which, if committed within the state, would be a crime, is punishable as if the act were committed within the state. (emphasis added)

*Id.*

The practice commentary to section 1.04 of the Texas Penal Code expressly states that subsection (a)(1) combines subjective and objective territorial principles previously embodied in specific statutes scattered throughout the Penal Code and Code of Criminal Procedure. Jurisdiction is conferred over offenses commenced within the state but completed without (subjective) and for offenses commenced without the

state but consummated within (objective). Moreover, the commentary states that the usual application of subsection (c) will probably be in the field of domestic relations (*e.g.*, nonsupport), but it is not so limited. Tex. Penal Code Ann. § 1.04 (Vernon 1974).

Furthermore, the Texas Family Code provides that the jurisdiction of any proceeding under the Revised Uniform Reciprocal Enforcement of Support Act (including provisions for the enforcement of criminal nonsupport) is vested in the district court and any other courts authorized to order support for children. Tex.Fam.Code Ann. § 21.10 (Vernon Supp.1989). In that regard, "court" means the district court of this state or any other court authorized to order support for children and, when the context requires, means the court of any other state as defined in substantially similarly reciprocal law. Tex.Fam.Code Ann. § 21.02(1) (Vernon Supp.1989). Parenthetically, we note that the Texas Family Code, Chapter 21, displays a table of jurisdictions wherein the Uniform Reciprocal Enforcement of Support Act has been adopted. This table indicates that the State of Michigan has adopted the Act. *See* M.C.L.A. §§ 780.151 to 780.183 (West).

■ While we are cognizant that *Roberts* was a case involving the interference with child custody and the enforcement of a Texas judgment, we believe that the same principles apply here. In cases prosecuted under section 25.05 of the Texas Penal Code, the act of intentionally or knowingly failing to provide support for a child younger than 18 years of age or who is the subject of a court order requiring the individual to support the child, has the necessary consequence and detrimental effect and result of denying a child who is a Texas resident the support to which he is entitled to receive by a court order.

The interest in protecting the viability of the judgment of a court ordering support payments to minor children by their parents and the rights of Texas residents to receive court awarded support gives the State of Texas jurisdiction to punish the acts of a person committed wholly outside the territorial boundaries of Texas when those acts thwart this valid interest. *State v. Paiz*, 777 S.W.2d 575, 577 (Tex.App.— Amarillo 1989, pet. granted).

The Texas legislature expressly announced criminal enforcement provisions whereby the governor of this state may demand of the governor of another the surrender of a person found in that state who is charged criminally in this state with failing to provide for the support of any person. Tex.Fam.Code Ann. § 21.05 (Vernon Supp.1989).

> The indictment in this cause alleges that: [Appellant] on or about the 1ST DAY OF MARCH, 1988, did then and there intentionally and knowingly fail to provide support, that the [appellant] could have provided and that the [appellant] was legally obligated to provide for [first child], who was then and there the child of the said [appellant], and said child was then and there under the age of 18 years, and the [appellant] was then residing in another state, to-wit: Michigan;

## II.

> AND further the said [appellant] on or about the 1ST DAY OF MARCH, 1988 in Lubbock County and State of Texas, did then and there intentionally and knowingly fail to provide support, that the [appellant] could have provided and that the [appellant] was legally obligated to provide for [second child], who was then and there the child of the said [appellant], and said child was then and there under the age of 18 years, and the [appellant] was then residing in another state, to wit: Michigan.

It is clear that the indictment sufficiently alleges all the elements of the statutory criminal acts to support personal jurisdiction over appellant. Appellant's first point of error is overruled.

■ By point of error two appellant claims that section 25.05(g)(2) of the Texas

Penal Code is unconstitutional on its face because it makes criminal nonsupport a felony, based solely on appellant's status as a nonresident, offending the eighth amendment and the fourteenth amendment.

Texas Penal Code Annotated section 25.05(g)(2) (Vernon 1989) provides in pertinent part:

(g) an offense under this section is a felony of the third degree if the actor:

\*      \*      \*      \*      \*      \*

(2) commits the offense while residing in another state.

The act of nonsupport for a child is classified as a Class A misdemeanor except if the offense is committed by an actor while residing in another state. The offense is then a third degree felony. Appellant argues that section 25.05(g)(2) is cruel and unusual punishment under the eighth amendment because enhancing punishment based on status alone renders the provision unconstitutional on its face as cruel and unusual punishment under the eighth amendment to the United States Constitution.

The eighth amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime. *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910). The seriousness of the offense and the view entertained by the state regarding the severity of the punishment are questions of legislative policy. *Rummel v. Estelle*, 445 U.S. 263, 282 n. 27, 100 S.Ct. 1133, 1143–44 n. 27, 63 L.Ed.2d 382, 396 n. 27 (1980). In regard to whether the punishment of a nonresident for criminal nonsupport is cruel and unusual, the Texas legislature has by its own judgment determined appropriate punishment.

In Texas, a Class A misdemeanor is punishable by:

(1) a fine not to exceed $2,000;

(2) confinement in a jail for a term not to exceed one year; or

(3) both such fine and imprisonment.

Tex. Penal Code Ann. § 12.21 (Vernon 1974). A third degree felony is punishable by:

(a) ... confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years; and

(b) in addition to imprisonment, ... may be punished by a fine not to exceed $5,000.

Tex. Penal Code Ann. § 12.34 (Vernon 1974).

Both residents and nonresidents are punished when guilty of criminal nonsupport. The punishment for nonresidents is more severe based on the state's need to protect children whose parents reside out of state and fail to pay child support. The nonresidency of a parent is an aggravating condition to enforcement of the statutory duty to pay child support or the enforcement of a court order to pay child support. The classification of criminal nonsupport by an actor residing in another state as a third degree felony facilitates extraditing the nonsupporting parent and is a useful tool when used by the state to protect the state's interest in providing support to the children residing in the state. The nonresident is punished for the act or the omission of a duty to act imposed by the State of Texas.

■ Appellant's second argument under point of error two is that section 25.05(g)(2) violates the equal protection clause of the United States Constitution and the Texas Constitution. The question presented here is whether the state can justify disparate treatment of residents and nonresidents.

In reviewing legislation under the equal protection clause of the fourteenth amendment, the appellate court will apply either the rational basis standard or the strict scrutiny standard of review. The rational basis test allows a classification if it is reasonable, not arbitrary, and rests upon some ground of difference having a fair and substantial relation to the object of the

legislation, so that all persons similarly circumstanced are treated alike. *San Antonio Independent School Dist. v. Rodriquez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16, *reh'g denied* 411 U.S. 959, 93 S.Ct. 1919, 36 L.Ed.2d 418 (1973); *Smith v. State*, 444 S.W.2d 941 (Tex.Civ.App.—San Antonio 1969, pet. ref'd n.r.e.). Under the strict scrutiny standard the questioned legislation will be upheld only if justified by a compelling state interest. Strict review is triggered by laws which affect certain fundamental rights or which provide different treatment of persons on the basis of a suspect classification. *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); *Korematsu v. United States*, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194, *reh'g denied* 324 U.S. 885, 65 S.Ct. 674, 89 L.Ed. 1435 (1944).*

The equal protection clause allows the state considerable leeway to enact legislation that may appear to affect similarly situated people differently. *Clements v. Fashing*, 457 U.S. 957, 962–63, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515 (1982). "Absent an interference with the exercise of a 'fundamental' right or a burden on a 'suspect' class, classification will *not* be set aside on equal protection grounds if they are rationally related to a legitimate state interest" (emphasis added). *Clark v. State*, 665 S.W.2d 476, 480–81 (Tex.Crim. App.1984) (citing *Clements v. Fashing*, 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508). The classification of appellant as a nonresident does not place appellant in a suspect class entitled to a strict standard of review. Appellant's status as a nonresident will be tested to see if the classification rests upon some ground of difference having a fair

and substantial relation to the object of the legislation so that all persons similarly circumstanced are treated alike. In essence, if there is *any* rational relationship to the legislature's classification then the statute passes constitutional muster. *San Antonio School District v. Rodriguez*, 411 U.S. at 40, 93 S.Ct. at 1300.

When reviewing a state law claimed to violate the equal protection clause, the court must consider the facts and circumstances behind the law, the interests which the state claims to be protecting, and the interests of those disadvantaged by the challenged classification. *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968). This court must determine whether a classification is arbitrarily or reasonably related to the inherent purpose of a law in the light of the presumption of validity of the classification. *McLaughlin v. Florida*, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

Appellant relies on *Jones v. Helms*, 452 U.S. 412, 101 S.Ct. 2434, 69 L.Ed.2d 118 (1981), for the proposition that strict scrutiny should be applied and a violation of equal protection found because section 25.-05(g)(2) implicates the right to interstate migration in that it restricts interstate travel before or after the offense. In that regard, we believe the question here does not involve the fundamental right to interstate travel. We reiterate, the question here is disparate treatment of residents and nonresidents.

The question in *Jones* was whether the state may enhance the misdemeanor of child abandonment to a felony if a resident offender leaves the state after committing the offense. The *Jones* Court stated that:

* Fundamental interests that must be protected by the strict standard of reviewing classifications include: (1) the right to procreation, *Skinner v. Oklahoma*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); (2) the right to travel, *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); and (3) first amendment interests. *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16. Suspect classifications deserving special scrutiny include those based upon: (1) race or national origin, *Korematsu v. United*

*States*, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194; *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, *reh'g denied* 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200 (1963); (2) alienage, *Takahashi v. Fish & Game Com.*, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948), *In re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973); (3) sex, *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); and (4) wealth, *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

a restriction that is rationally related to the offense itself—either to the procedure for ascertaining guilt or innocence, or to the imposition of a proper punishment or remedy—must be within the state's power. Thus, although a simple penalty for leaving a state is plainly impermissible, if departure aggravates the consequences of conduct that is otherwise punishable, the state may treat the entire sequence of events, from the initial offense to departure from the State, as more serious than its separate components.

452 U.S. at 422, 101 S.Ct. at 2442.

The legislative purpose served here is to cause parents to support their children. The Supreme Court of the United States in *Jones* recognized the legitimacy of that purpose. 452 U.S. at 423, 101 S.Ct. at 2442. The circumstance that the parent who has a duty imposed by law is a nonresident of the state aggravates the conditions of enforcemnt of that duty. The legislature could have concluded that the parental support obligation is more difficult to enforce if the parent charged with nonsupport pursuant to the Texas Family Code, or with criminal nonsupport pursuant to the Texas Penal Code, is a nonresident as the record in this case vividly demonstrates. It has been stated that the purpose of the Revised Uniform Reciprocal Enforcement of Support Act, which includes provisions for criminal nonsupport enforcement, was to provide a simplified, consistent and effective mechanism for the interstate enforcement of support obligations. Effective interstate enforcement was needed because conventional judicial proceedings had proved unsatisfactory, largely because the defaulting spouse-obligor was frequently outside the jurisdiction, and the obligee could rarely afford to travel to distant states and litigate the question of support obligations. *State on Behalf of Whitehead v. Whitehead*, 735 S.W.2d 534, 535 (Tex.App.—Tyler 1987, no writ); *O'Halloran v. O'Halloran*, 580 S.W.2d 870, 871 (Tex.Civ.App.—Texarkana 1979, no writ).

In the absence of a suspect classification this state law is not repugnant to the fourteenth amendment to the United States Constitution or the laws of this State in that no unequal treatment of persons is based upon an unreasonalbe classification of persons. *Milligan v. State*, 554 S.W.2d 192, 194 (Tex.Crim.App.1977). It is within the power of the state to define as criminal conduct whatever acts it sees fit, so long as such acts bear a reasonable relation to the needs of society and the safety and general welfare of the public. *Crawley v. State*, 513 S.W.2d 62, 66 (Tex.Crim.App.1974). Appellant's second point of error is overruled.

By his third point of error, appellant argues that section 25.05(g)(2) of the Texas Penal Code is unconstitutional as applied to appellant. We do not agree.

█ In light of the above discussion, all persons similarly circumstanced are to have equal treatment under the questioned statute. The State has broad discretion in classification in the exercise of its regulation. In order for a classification to be valid all persons or things within a particular class or similarly situated must be affected alike. *Taylor v. State*, 513 S.W.2d 549, 551 (Tex.Crim.App.1974). We cannot find from the record before us that appellant is treated differently from other nonresidents similarly situated. Appellant's third point of error is overruled.

All points of error being overruled, we affirm the trial court's denial of appellant's application for a writ of habeas corpus.