ATTORNEY GENERAL OF TEXAS, on behalf of the STATE OF SOUTH CAROLINA and Cathy Ray Stevens, Appellants,

v.

John Carter BESAW, Appellee.

No. 09–93–145 CV.

Court of Appeals of Texas, Beaumont.

May 26, 1994.

Rehearing Overruled June 9, 1994.

Ana M. Zamarripa, Asst. Atty. Gen., Conroe, Tod L. Adamson, Asst. Atty. Gen., Austin, for appellants.

David Mills, Conroe, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

The Attorney General of Texas brought this child support enforcement action against John Carter Besaw for the support of J.N.B., a minor child. Besaw responded with a plea to the subject matter jurisdiction of the trial court. Besaw alleged the South Carolina decree, which granted Cathy R. Stevens a divorce from him and ordered he pay child support, was void for lack of in personam jurisdiction. The trial court overruled Besaw's plea, entered a judgment for $1,600 for child support accruing from May 22, 1988, through July 24, 1989, and awarded the Attorney General $500 attorneys fees. The court also held Besaw in contempt, ordered Besaw be confined for 180 days in the Montgomery County Jail, and thereafter until he paid the $1,600 child support and $500 attorneys fees.

The Attorney General raises two points of error. Point of error one contends the trial court erred in denying a judgment for the total amount of child support unpaid and owing. Point of error two urges the trial court erred in failing to file findings of fact and conclusions of law. Besaw raises a cross-point which maintains the trial court lacked jurisdiction and therefore had no authority to enter any judgment or hold him in contempt. We address the cross-point first.

Cathy R. Besaw obtained a divorce in South Carolina on February 27, 1979. The decree recited Besaw was served by publication. Besaw claims ineffective service renders void not only this judgment but also all subsequently entered judgments and orders. The first enforcement order was entered in

South Carolina on October 13, 1980. Besaw appeared and consented to the judgment. The Attorney General's office filed a URE-SA[1] enforcement action in Montgomery County on December 31, 1986. Besaw initially contested the action on the basis of fraud by Cathy Besaw and her attorney in obtaining the South Carolina divorce and support order. A consent judgment was entered by the Montgomery County Court on February 23, 1988. The consent judgment recited Besaw owed $5,840 in child support arrearage and ordered Besaw pay $25 per week for the support of J.N.B. On April 30, 1991, the Attorney General's office filed a motion for enforcement in this same cause. Besaw responded with a collateral attack on the support portion of the South Carolina divorce. The Attorney General's office amended its pleadings to seek enforcement of the 1988 Texas order. Besaw responded that the Texas judgment gave full faith and credit to a void South Carolina judgment and therefore was void for lack of subject matter jurisdiction, and sought summary judgment. The trial court denied Besaw's motion for summary judgment on June 29, 1992, and his plea to the jurisdiction on July 15, 1992. The Attorney General updated the arrearage in an amended pleading. The trial court heard the enforcement motion on November 30, 1992. The trial court took judicial notice of the entire file, on Besaw's request and with the Attorney General's consent. The judgment, entered February 4, 1993, recites findings but, although requested, no findings of fact and conclusions of law have been filed.

■ Besaw argues the South Carolina court did not have in personam jurisdiction over Besaw because a proper Long Arm statute was not shown to have been invoked and because procedural due process was not met in the way he was served by publication without the appointment of an attorney ad litem. He contends the divorce action became final, so his 1980 appearance in the South Carolina action was a post-judgment appearance which cannot give the court in personam jurisdiction. His cited authority is

a writ of error appeal where the appellant filed an unsuccessful motion to set aside an interlocutory default judgment. *Cates v. Pon*, 663 S.W.2d 99 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). The *Cates* court held this appearance did not constitute participation in the actual trial, although by appealing the case he submitted himself to the jurisdiction of the district court. In contrast, the subject matter of the 1980 South Carolina action was a parent's ongoing obligation to support a child residing within the jurisdiction of the court. Besaw consented to a judgment which obligated him to pay child support. In Texas, the state may exercise personal jurisdiction over a nonresident appearing in this manner. TEX. FAM.CODE ANN. § 21.04 (Vernon 1986). Besaw's appearance in 1980 is not an appearance in the original divorce proceeding, but it did give the South Carolina court in personam jurisdiction over him for purposes of a proceeding which obligated appellant to support J.N.B.

■ Besaw next argues it is clear that although the Texas court had in personam jurisdiction over him, the 1988 Texas judgment and 1992 Texas enforcement orders relied upon the 1980 South Carolina order for subject matter jurisdiction and were therefore void. He cites no authority in support of his argument. Had Besaw challenged the South Carolina decree in 1988, he could have raised any defense which would have rendered the South Carolina judgment void. *Nunez v. Nunez*, 771 S.W.2d 7 (Tex.App.—San Antonio 1989, no writ); *Littrell v. Littrell*, 601 S.W.2d 207 (Tex.Civ.App.—Beaumont 1980, no writ). Now Besaw is challenging enforcement of an agreed order in an action in which Besaw appeared and consented to entry of judgment. In 1988, the trial court had personal jurisdiction over Besaw because he lived in Texas and personally appeared in court. The trial court also had subject matter jurisdiction pursuant to TEX. CONST. art. V, § 8 and TEX.FAM.CODE ANN. § 21.10, Acts 1987, 70th Leg., 2nd C.S., 1987 Tex.Gen.Laws 145 (repealed 1993). The judgment recites the trial court found it had

1. Uniform Reciprocal Enforcement of Support Act, TEX.FAM.CODE ANN. §§ 21.01–21.43 (Vernon 1986 & Supp.1994).

jurisdiction, that the material allegations in the petition were true, that Besaw owes a duty to support the minor child J.N.B., that $25 per week is a reasonable amount for child support, and that Besaw owed $5,840 for court ordered child support arrearage as of January 31, 1988. There being no appeal, this judgment is final. Besaw is estopped from challenging its underlying basis. Since the action in which Besaw was served by publication, Besaw has acknowledged his responsibility to support J.N.B. in proceedings in both South Carolina and Texas. The trial court has jurisdiction to hear support enforcement actions against persons residing in Montgomery County. The trial court did not err in overruling Besaw's plea to the jurisdiction. The crosspoint is overruled.

■ The Attorney General's first point of error contends the court erred in denying a judgment for the total amount of accrued unpaid child support. Besaw's brief does not address the Attorney General's point of error. The parties stipulated that Besaw was in arrears in child support in the total amount of $11,701.53. This was a suit to enforce a child support order, where the child is not a Texas resident. Besaw did not file a motion to modify the child support order. The court may not reduce or modify the amount of child support arrearages in rendering a judgment for unpaid and owing periodic child support payments. TEX.FAM. CODE ANN. § 14.41(d) (Vernon Supp.1994). *See Williams v. Patton,* 821 S.W.2d 141 (Tex. 1991). The trial court erred in not granting a judgment for $11,701.53. Point of error one is sustained. We decline to address the remaining point of error.

We reverse the child support arrearage judgment and render judgment against John C. Besaw for $11,701.53 for child support unpaid and owing as of November 30, 1992. The contempt portions of the judgment, being within the jurisdiction of the trial court to render and not otherwise challenged on appeal, are affirmed.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.