**Herman (Robert H.) STUBBLEFIELD, Appellant,**

**v.**

**Margaret STUBBLEFIELD et al., Appellees.**

**No. 6756.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 28, 1954.

Rehearing Denied Nov. 25, 1954.

Harkness & Friedman, and Harry B. Friedman, Texarkana, for appellant.

Atchley, Vance & Hubbard, Connor W. Patman, Texarkana, for appellees.

FANNING, Justice.

This action was instituted by appellee Margaret Stubblefield upon a judgment in Sebastian County Chancery Court in Arkansas. Appellant, Herman (Robert H.) Stubblefield, answered and filed a cross-

action against Margaret Stubblefield and against United States Fidelity & Guaranty Company for alleged wrongful garnishment. The trial court instructed the jury to return a verdict for appellees and rendered judgment for appellee Margaret Stubblefield in the amount of $3,101.19, against appellant and denied the cross-action of appellant. Appellant has appealed from this judgment.

Appellant contends that the trial court erred in instructing a judgment against him in view of his pleas of res adjudicata, estoppel by judgment and merger of judgment, and in altering and reforming the judgment in cause No. 010621–A, and in refusing to submit appellant's cross-action to the jury.

Margaret Stubblefield and Herman (Robert H.) Stubblefield were divorced in 1945 in Sebastian County, Arkansas, and the judgment required him to pay $15 per week for the support of their two minor children. He failed to support the children as required by the decree, and on December 30, 1952, Margaret Stubblefield recovered judgment against him in the amount of $3,236.19 (as child-support arrears), in cause No. 1387, in Sebastian County Chancery Court, Ft. Smith District, Arkansas.

In January, 1953, he was living in Texarkana, Texas, and within the jurisdiction of the District Court of Bowie County, Texas. Then (in January 1953) appellee Margaret Stubblefield presented her verified "petition for enforcement of support" against appellant to the Arkansas initiating court (the court where the support judgment above referred to was granted) and as provided by the Texas Uniform Reciprocal Enforcement of Support Act, art. 2328b–1–2–3, and in conformity with the applicable Arkansas Law (Act 68 of 1951, which was specially pleaded and which is shown in the record) the Arkansas initiating court found the necessary facts to show that Stubblefield was in arrears on the payment of the child-support judgment, that he was then living in Texarkana, Texas, and within the jurisdiction of the District Court of Bowie County, Texas, and

the Arkansas court ordered that certified copies of the petition, court's certificate, the decree and judgment for support, and an authenticated copy of the Arkansas Uniform Reciprocal Enforcement of Support Act, be transmitted to the Bowie County, Texas, District Court for further proceedings. These Arkansas proceedings with the "petition for enforcement of support" were filed in the District Court of Bowie County, Texas, in February 1953, which was docketed as No. 010621–A in said Court, and a show-cause order was duly served upon appellant Stubblefield. On April 6, 1953, the District Court of Bowie County in said cause No. 010621–A found upon a hearing, among other things, that Herman (Robert H.) Stubblefield was then within the jurisdiction of the Bowie County District Court, that he was in arrears on the child-support judgment above referred to in the amount of $3,356.19, and he was ordered to pay $20 per week for the support of the minor children until the further orders of the court. In June 1953, Margaret Stubblefield sued Herman (Robert H.) Stubblefield directly in the District Court of Bowie County, Texas (in the present case) on the Arkansas child-support judgment and ancillary to said suit sued out a writ of garnishment, garnishing the bank account of Stubblefield at Texarkana National Bank where Stubblefield had $435.61. He answered pleading res adjudicata, merger of judgment and estoppel and alleged that the judgment in cause No. 010621–A should be altered and reformed to provide that he be allowed to pay off the Sebastian County judgment at the rate of $5 per week, and he also filed a cross-action against Margaret Stubblefield and United States Fidelity & Guaranty Company, the surety on her garnishment bond, alleging that the garnishment was wrongful and praying for $5,000 alleged actual damages and $25,000 alleged exemplary damages.

We have carefully considered the Texas and Arkansas Uniform Reciprocal Enforcement of Support Acts above referred to and find that they are similar and that reciprocity is authorized and warranted un-

der such acts. Sections 13 and 15 of Article 2328b–3, V.A.C.S. (part of the Texas Act) provide as follows: "Sec. 13. If the court of the responding state finds a duty of support, it may order the defendant to furnish support or reimbursement therefor and subject the property of the defendant to such order." "Sec. 15. In addition to the foregoing powers, the court of this State when acting as the responding state has the power to subject the defendant to such terms and conditions as the court may deem proper to assure compliance with its orders and in particular: (a) To require the defendant to furnish recognizance in the form of a cash deposit or bond of such character and in such amount as the court may deem proper to assure payment of any amount required to be paid by the defendant. (b) To require the defendant to make payments at specified intervals to the district clerk or probation department or the obligee and to report personally to such clerk or probation department, at such times as may be deemed necessary. (c) To punish the defendant who shall violate any order of the court to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court."

The judgment in cause No. 010621–A in the District Court of Bowie County found that appellant Stubblefield was in arrears on child-support in the amount of $3,356.19, and that under the uniform laws of Texas and Arkansas Stubblefield was required to support his dependent minor children and the court ordered him to pay $20 per week for the support of his minor children until the further orders of the court. Proceedings in cause No. 010621–A were strictly ancillary enforcement proceedings under the Uniform Reciprocal Enforcement of Support Laws of Arkansas and of Texas. The suit Margaret Stubblefield brought in cause No. 010953–A (the present suit) was a different kind of action and was brought directly on the Arkansas judgment as a liquidated demand for the full amount due and she also garnished the bank account of Stubblefield as above related. The Arkan-

sas judgment was a valid judgment entered by a court of competent jurisdiction which was unpaid and appellee was seeking to secure a Texas judgment upon which execution could issue in order that she might collect such judgment. Based upon this unpaid liquidated debt the garnishment proceedings were filed.

Appellant did not plead that he had paid the judgment and the evidence conclusively shows that he had only paid a small amount on it, leaving a balance due of $3,101.19, which was the amount of the judgment entered by the trial court.

■ We agree with appellees that the prior proceedings in cause No. 010621–A were ancillary enforcement proceedings which would not be a bar to a suit in Texas upon the Arkansas judgment for a liquidated amount. The Texas Uniform Reciprocal Enforcement of Support Act also specifically provides that "The remedies herein provided are in addition to and not in substitution for any other remedies." Article 2328b–1, Sec. 3. We overrule appellant's first three points.

Appellant pleaded that the judgment in cause No. 010621–A, which provided for appellant to pay $20 per week should have been $5 per week, alleging that this amount was incorrectly entered, and appellant prayed that such judgment be reformed in that manner.

■ Appellant attempted to introduce evidence contradicting the judgment in cause No. 010621–A but pertinent objections thereto were sustained by the trial court and no point is brought forward complaining of the action of the trial court in excluding such proffered evidence. The trial court, however, did reform the judgment in cause No. 010621–A by ordering the payments reduced from $20 per week to $15 per week. If there was any error in reducing the payments it was favorable to appellant. It has been repeatedly held that a party cannot complain of an error in his favor. Vol. 3B, Tex.Jur., 727, Appeal

& Error. We overrule appellant's fourth point.

We think the garnishment in question was based upon a valid liquidated debt as provided in Article 4076, V.A.C.S., which appellant admittedly owed and was not a wrongful garnishment. We overrule appellant's fifth point.

We think the learned and able trial court correctly instructed a verdict in favor of appellees and that this cause should be affirmed.

The judgment of the trial court is affirmed.