**STATE of Texas on Behalf of Tammy WHITEHEAD, Appellant,**

v.

**Bruce WHITEHEAD, Appellee.**

**No. 12–87–0005–CV.**

Court of Appeals of Texas, Tyler.

June 30, 1987.

Troy V. Smith, Asst. Atty. Gen., Tyler, for appellant.

Emerson Stone, Jacksonville, for appellee.

BILL BASS, Justice.

This is an appeal from a child support order entered pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). We reverse and remand.

The parties were divorced on August 17, 1983, in Union County, Ohio. Under the divorce decree the father was ordered to pay child support in the sum of $20 per week plus two percent poundage, totalling $20.40 per week.[1] The mother and child subsequently moved to Irwin, Pennsylvania, and the father is currently a resident of Tyler, Texas.

On February 11, 1986, the mother filed a petition for support in Pennsylvania under that state's version of URESA. The petition alleged that the father had ceased payments of child support under the Ohio decree, and requested support in the amount of $400 per month plus arrearages. The petition was transmitted to the Office of the Attorney General in Austin, Texas, and was filed in the County Court at Law of Smith County. The father answered by general denial.

At the hearing on the mother's petition, argument was presented on the issue of the court's authority to enter an order increasing the amount of child support. The court concluded that it had no jurisdiction under URESA to increase the amount of support, and therefore ordered support of $20.00 per week. The mother appeals by one point of error, urging that the court erred in concluding that it had no jurisdiction to award support in an amount different from the award in the Ohio decree.

The Texas URESA, Tex.Fam.Code Ann. §§ 21.01-.66 (West 1986 and Supp.1987), is designed to improve the enforcement of support duties in cases where the obligee and obligor reside in different states; the procedures outlined in the statute attempt to relieve the obligee from traveling to a distant state to litigate the question of support. *O'Halloran v. O'Halloran*, 580 S.W.2d 870, 871 (Tex.Civ.App.—Texarkana 1979, no writ). Sections 21.21 to 21.45 concern civil enforcement of support obligations. Generally, under the procedures outlined in those sections, the obligee files a petition for support in the state where she and the child reside ("initiating state"), and the court in that state forwards the petition to the proper agency in the foreign jurisdiction ("responding state"). The agency then forwards the petition to a court located in the county of the obligor's

---

1. "Poundage" is defined as follows:

An allowance to the sheriff, commissioner, or the like, of so much upon the amount levied under an execution. The money which an owner of animals (or other property) impounded must pay to obtain their release.

In old English law, a subsidy to the value of twelve pence in the *pound,* granted to the king, of all manner of merchandise of every merchant, as well denizen as alien, either exported or imported.

Black's Law Dictionary 1052 (5th ed. 1979) (emphasis original).

In the present case the poundage constitutes a handling fee paid to the Union County Bureau of Support in Marysville, Ohio.

residence. If the court finds that a duty of support exists, it may impose a full range of enforcement measures.

There is some uncertainty in the law on the question of the responding state's authority to modify the support obligations ordered by an out-of-state court. The majority view permits such modification. *See Sheres v. Engelman,* 534 F.Supp. 286, 293–94 (S.D.Tex.1982); *O'Halloran,* 580 S.W.2d at 872; Annot., 31 A.L.R. 4th 347, 356–57 (1984). For the reasons set forth below, we subscribe to the majority view.

The statute sets forth a presumption in contested cases, "if there is a prior support order, that the most recent order correctly designates the current amount of support and duty of support." *Id.* § 21.36(c)(2). Clearly, this section anticipates the presentation of evidence showing that the most recent order does not correctly designate or delimit the duty of support. This interpretation is borne out by other provisions of the statute. Section 21.04 states:

> The remedies herein provided are in addition to and not in substitution for any other remedies even though prior orders of support exist in this state or any other jurisdiction.

*Id.* § 21.04. This provision makes it clear that URESA was not intended to deprive a person seeking relief under the Act of the opportunity to obtain remedies that the court is otherwise empowered to grant. Further guidance is provided by section 21.43, which states:

> No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

This provision is perhaps the source of confusion, because it may be interpreted as forbidding the responding court from modifying and thus superseding a prior order. *See Sheres,* 534 F.Supp. at 293–94. The provision does not, however, prevent the court from modifying the amount of support, i.e., entertaining an independent action to determine the proper amount of

support to be payable in the future. *See id.* at 294; *Elkind v. Byck,* 68 Cal.2d 453, 439 P.2d 316, 318 n. 2, 67 Cal.Rptr. 404, 406 n. 2 (1968); *Despain v. Despain,* 78 Idaho 185, 300 P.2d 500, 503 (1956); *Sullivan v. Sullivan,* 98 Ill.App.3d 928, 424 N.E.2d 957, 959–60 (1981); *Campbell v. Jenne,* 172 Mont. 219, 563 P.2d 574, 576 (1977); *Peot v. Peot,* 92 Nev. 388, 551 P.2d 242, 243–44 (1976); *Bourdon v. Bourdon,* 105 N.H. 432, 201 A.2d 889, 891 (1964); *McEvily v. McEvily,* 140 Vt. 279, 437 A.2d 1110, 1111 (1981); Bubany, *Texas Family Code Symposium—Parent and Child,* 13 Texas Tech L.Rev. 1025, 1085–88 (1982). On the contrary, by providing for the crediting of payments against amounts accruing under separate orders of support, section 21.43 assumes that separate and independently valid orders of support may exist which provide for payment of different amounts.

Moreover, we note that nineteen states have permitted modification of support under the civil enforcement subchapter of URESA, while only one jurisdiction has denied such relief. Annot., 31 A.L.R. 4th 347, 356–62 (1984). The courts are admonished that URESA must be "so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." Tex.Fam.Code Ann. § 21.06 (Vernon 1986). The appellant's point of error is sustained.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.