**Carolyn E. ROGERS, Appellant,**

v.

**Richard GRIFFIN, Appellee.**

No. 9684.

Court of Appeals of Texas, Texarkana.

June 27, 1989.

Frederick Krasny, Asst. Atty. Gen., Child Support Enforcement Office, Houston, for appellant.

Richard G. Sedgeley, Houston, for appellee.

BLEIL, Justice.

Carolyn Rogers appeals from a take-nothing judgment following a nonjury trial in a suit against Richard Griffin to collect $8,800.00 in past due child support pursuant to Tex.Fam.Code Ann. §§ 21.01, et seq. (Vernon 1986 & Supp.1989), the Uniform Reciprocal Enforcement of Support Act. She contends that no evidence or insufficient evidence exists to support the trial court's judgment. We conclude that as a matter of law Griffin is liable for the arrearage. Accordingly, we reverse the judgment of the trial court and render judgment for Rogers.

Carolyn Rogers and Richard Griffin divorced on October 14, 1982, in Douglas County, Nebraska. The judgment ordered Griffin to pay Rogers $200.00 per month per child in support of the parties' two minor children, beginning August 1, 1983. The payments were to continue until each child reached the age of majority or further order of the court. Griffin made no payments. As of the hearing, the amount in arrears was shown to be $8,800.00.

Griffin contends that he transferred property to Rogers valued at more than $8,800.00 and thereby fully satisfied his child support obligation. He contends that Rogers orally agreed to accept the parties' florist business, including an adjoining house, in lieu of child support payments.

No findings of fact or conclusions of law were filed in support of the trial court's judgment and none were requested. In the absence of findings of fact and conclusions of law, an appellate court affirms the judgment if it can be upheld on any legal theory supported by the evidence. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984); *Sohocki v. Sohocki,* 730 S.W.2d 30, 32 (Tex. App.—Corpus Christi 1987, no writ). A reviewing court must indulge every reasonable presumption, consistent with the record, in favor of the judgment. *Jackson*

v. *Crawford*, 727 S.W.2d 628, 631 (Tex.App.—Dallas 1987, no writ). The trial court impliedly found that Griffin had transferred property to Rogers and that this transfer properly satisfied his child support obligation. Rogers challenges this finding.

Ordinarily, a challenge to the evidentiary support of a judgment requires that we examine the factual sufficiency of the evidence. If we conclude that the evidence is factually insufficient, we set aside the trial court's judgment and remand the cause for a new trial. *See Cain v. Bain*, 709 S.W.2d 175 (Tex.1986). In this case, however, we need not determine the factual sufficiency of the evidence, because even if it is factually sufficient to prove that Griffin transferred property to Rogers valued at $8,800.00, he is not released from liability for the amount of child support arrears as a matter of law.

A court order that provides for the support of a child may be modified *only* by filing a motion in the court having continuing, exclusive jurisdiction of the suit affecting the parent-child relationship. Tex.Fam. Code Ann. § 14.08(a) (Vernon 1986). Parents do not have the authority to reduce or modify court-ordered child support provisions without express court approval; such agreements violate public policy and are unenforceable. *Houtchens v. Matthews*, 557 S.W.2d 581, 586 (Tex.Civ.App.—Fort Worth 1977, writ dism'd); *In re McLemore*, 515 S.W.2d 356, 357 (Tex.Civ.App.—Dallas 1974, no writ); *Hartman v. Chumley*, 266 S.W. 444 (Tex.Civ.App.—Waco 1924, no writ). Even if the alleged agreement between Griffin and Rogers had been in writing, it still would have been void. *See Ex parte Payne*, 598 S.W.2d 312, 317 (Tex.Civ. App.—Texarkana 1980, no writ). Nebraska law also prohibits parties from modifying court orders by private agreement. *See, e.g., Hicks v. Hicks*, 223 Neb. 189, 388 N.W.2d 510, 515 (1986); *Koser v. Koser*, 148 Neb. 277, 27 N.W.2d 162, 164 (1947). Since the alleged agreement between Griffin and Rogers is unenforceable as a matter of law, and even if proved is no defense to the child support arrearage, we are compelled to reverse the trial court's judgment.

We reverse and render judgment for Carolyn Rogers in the amount of $8,800.00.