The STATE of Texas and Roxie Lee Wells, Appellants,

v.

Gerald M. BORCHERS, Appellee.

No. 04–90–00041–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 27, 1991.

Rehearing Denied April 8, 1991.

Susan M. Lind, Asst. Atty. Gen., San Antonio, Rhonda Amkraut Bayer, Asst. Atty. Gen., Austin, for appellants.

H.E. Mendez, San Antonio, for appellee.

Before REEVES, C.J., and BUTTS and CHAPA, JJ.

## OPINION

REEVES, Chief Justice.

This is an appeal from an order entered pursuant to a Uniform Reciprocal Enforcement of Support (URESA) action seeking enforcement of the original child support provisions of a prior divorce decree. The trial court held that the support provisions of the prior decree of divorce were no longer enforceable and modified the provisions by calculating the arrearage owed on the basis of a subsequent URESA order which set a lower amount of support.

On December 5, 1979, a decree of divorce was entered in Cause No. 79–CI–3984 in Bexar County, Texas. The decree ordered appellee to pay child support to Roxie Lee Borchers (now Wells) in the amount of $275.00 per month. Subsequently, Mrs. Wells and the children moved to California where a URESA proceeding was initiated to collect child support. The petition was forwarded to Texas as the responding state where it was filed in Bexar County, pursuant to TEX.FAM.CODE § 21.08. The result of this suit was an agreed order entered on April 5, 1984 which ordered appellee to make periodic support payments in the amount of $150.00 per month, in addition to a monthly $25.00 payment toward his arrears of $6,900.00, as calculated through 1983.

In 1988 Mrs. Wells and the children moved to Arizona. On October 19, 1988, she filed a petition under the provisions of the Uniform Reciprocal Enforcement of Support Act, ARIZ.REV.STAT. § 12–1651 *et seq.* 1970 Revision, for enforcement of the 1979 divorce decree. The complaint and accompanying documents were transmitted by the Superior Court of the State of Arizona to the Attorney General of Texas and were filed in Bexar County, pursuant to TEX.FAM.CODE § 21.01 *et seq.* This support order was agreed to by the parties. The court's order included the following:

(1) that Obligor (Borchers) was ordered to pay $300.00 per month for support in two payments of $150.00 each;

(2) that Borchers was in arrears in an amount to be determined at a later hearing; and

(3) that Borchers appear in court on July 21, 1989 for a hearing on "the issue of the amount of arrears unpaid and owing at that time."

Additionally, the court stated that this order "shall not nullify a support order paid by any other state ..."

The July finding by the master was that appellee was in arrears in the amount of $9,800.00, from which he appealed to the District Court. Appellee's objection to the finding was that the arrearage calculation was based on the amount of the original child support ordered by the court in the 1979 divorce decree rather than the amount of the child support ordered in the 1984 URESA order.

On August 4, 1989, the court conducted a hearing on the issue. The court ruled that the 1984 URESA order was the pertinent court order valid in this case, and asked that counsel for both parties calculate the arrearage on the basis of that order. The parties agreed that when calculated on that basis the amount of arrears was $1,492.62.

On October 3, 1989 the trial court ordered that:

(1) Obligor (Borchers) pay support in the amount of $300.00 per month in two $150.00 payments;

(2) pursuant to the 1984 URESA order Borchers was in arrears in the amount of $1,492.62;

(3) judgment in that amount to Roxie Lee Wells and the State of Arizona be paid; and

(4) Borchers pay the arrearage on or before September 29, 1989.

## SOLE POINT OF ERROR

Appellants urge that the trial court erred in holding that an order rendered by a responding court in a URESA proceeding nullified the original support order contained in a divorce decree. Appellee incorrectly responds that this is a collateral attack on the April 5, 1984 order. Appellant is not seeking to avoid the effect of that order; she is seeking to enforce the child support provisions as contained in the original divorce decree.

TEX.FAM.CODE § 21.43 provides:

No order of support issued by this state when acting as a responding state shall supersede any other order of support, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

The language of the statute itself contemplates the contemporaneous existence of two valid support orders providing for child

support payments in different amounts. URESA does not provide for the modification of a previous order but instead provides cumulative additional remedies. URESA proceedings are ancillary proceedings which do not preclude a party from an action to enforce the original judgment. *Stubblefield v. Stubblefield,* 272 S.W.2d 633 (Tex.Civ.App.—Texarkana 1954, no writ).

TEX.FAM.CODE § 21.04 provides:

The remedies herein provided are in addition to and not in substitution for any other remedies even though prior orders of support exist in this state or any other jurisdiction.

This specific provision clearly shows that the responding court which entered the 1984 order did not have authority to modify any prior support order, specifically the original order entered with the divorce decree in 1979.

The District court permitted the 1984 support order to supersede the original order. In doing so the court reasoned that the 1984 order modified the original order. This was error. Appellee relies on *State on Behalf of Whitehead v. Whitehead,* 735 S.W.2d 534 (Tex.App.—Tyler 1987, no writ) for the assertion that the trial court was empowered to modify the original order; that a URESA order may nullify an original support order. Appellee's reliance is misplaced. The court in *Whitehead* specifically noted that the authority of a responding court to modify the amount of support different from the amount ordered in the original decree, resulted in the coexistence of two valid, enforceable orders. *Id.* at 536.

Remedies provided for by URESA are in addition to and not in substitution for any other remedies. *Raney v. Raney,* 536 S.W.2d 617, 619 (Tex.Civ.App.—Tyler 1976, no writ). The statute specifically provides that a subsequent order will not supersede the original order or any other URESA order.

TEX.FAM.CODE ANN. § 21.31 provides:

A support order made by a court of this state pursuant to this chapter does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, *unless otherwise specifically provided by the court.* Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amount accruing or accrued for the same period under any support order made by the court of this state. [emphasis added]

The 1984 order does not specifically provide that it supersedes or modifies the original order. Thus we must conclude that the orders are to run concurrently. Furthermore, although the parties agreed to the terms of the 1984 order, their agreement cannot supersede statutory authority. Parents do not have the authority to reduce or modify court ordered child support provisions without express court approval; such agreements violate public policy and are unenforceable. *Rogers v. Griffin,* 774 S.W.2d 706, 707 (Tex.App.—Texarkana 1989, no writ); *Houtchens v. Matthews,* 557 S.W.2d 581, 587 (Tex.Civ.App.—Fort Worth 1977, writ dism'd).

Accordingly, appellant's point is sustained.

This case is reversed and remanded to the trial court for calculation of arrearages based upon the original support order of 1979.