**Charles Alfred McCONNELL, Appellant,**

v.

**The ATTORNEY GENERAL OF TEXAS and Rhonda Ranea McConnell Vickery, Appellees.**

**No. 13–93–073–CV.**

Court of Appeals of Texas, Corpus Christi.

May 26, 1994.

Charles A. Hood, Port Lavaca, for appellant.

Mary E. McCormick, Asst. Atty. Gen., Child Support Litigation Div., Victoria, Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Asst. Atty. Gen., Samuel T. Jackson, Chief, Child Support Litigation Div., Tod L. Adamson,

Asst. Atty. Gen., Child Support Enforcement, Austin, for appellees.

Before KENNEDY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The Attorney General of Texas brought an action against Charles McConnell, appellant, to enforce a Texas child support order. The trial court found that McConnell was in arrears and granted a money judgment for unpaid child support against him. By a single point of error, appellant asserts that the trial court erred in overruling his plea in bar. We affirm.

Charles McConnell and Rhonda McConnell Vickery divorced in June 1980 in Calhoun County, Texas, and the court ordered McConnell to pay child support for their son in the amount of $90.00 per month. McConnell later moved to Florida. In March 1991, pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA)[1], the Attorney General filed an action in Florida to enforce the Texas child support order. Although the Florida court found that the doctrine of laches applied to the case and barred the payment of child support, the Florida court nevertheless dismissed the RURESA action without prejudice.

In June 1992, the Attorney General then filed an action in the Calhoun County District Court, the court of continuing jurisdiction, to enforce the Texas child support order against McConnell. The trial court determined that the Florida court's dismissal without prejudice did not bar the trial court's enforcement of its own child support order and entered a judgment for unpaid child support in the amount of $8,737.80. By his sole point of error, McConnell contends that the trial court erred in overruling his plea in bar since the Texas enforcement action was barred by

the doctrines of res judicata, collateral estoppel, and estoppel.

■■■ A dismissal without prejudice means the claimant has the right to sue again on the same cause of action and prevents "the decree of dismissal from operating as a bar to a subsequent suit." BLACK'S LAW DICTIONARY 469 (6th ed. 1990). If a suit is dismissed without prejudice, res judicata has not occurred. *Bell v. Moores,* 832 S.W.2d 749, 755 (Tex.App.—Houston [14th Dist.] 1992, writ denied). If dismissal is with prejudice, res judicata applies and bars the right to bring an action on the same cause. *Id.* (citing *Cowgill v. White,* 543 S.W.2d 437, 439 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.)).

■ The Florida court's dismissal without prejudice as to the RURESA action does not bar the trial court from enforcing its previous child support order since no res judicata applies. Contrary to appellant's contention, collateral estoppel does not apply either because the Florida court entered a dismissal not a judgment. Thus, the finding of laches could not have been essential to the judgment since there was no final judgment but just a dismissal. The Florida court's finding of laches, therefore, has no collateral estoppel effect on the Texas proceeding.

■■■ Moreover, the Florida RURESA order would not operate as a bar because RURESA proceedings are ancillary proceedings which do not preclude a party from enforcing the original order. *State v. Borchers,* 805 S.W.2d 880, 882 (Tex.App.—San Antonio 1991, writ denied); *Stubblefield v. Stubblefield,* 272 S.W.2d 633, 635 (Tex.Civ.App.—Texarkana 1954, no writ). *See also Sheres v. Engelman,* 534 F.Supp. 286, 290–93 (S.D.Tex.1982) (applying Texas law, the federal court held that Uniform Reciprocal Enforcement of Support Act (URESA) action was not res judicata as to the power of federal court with jurisdiction to enforce original child support order). RURESA

---

1. RURESA was amended in 1993 and is now codified as the Uniform Interstate Family Support Act, TEX.FAM.CODE ANN. § 21.01 *et seq.* (Vernon Supp.1994). The amended Act took effect September 1, 1993, and applies only to an order, decree, or judgment entered on or after that date. Sections cited to herein are to RURESA which was in effect at the time of the present suit.

"supplements but does not supplant other enforcement remedies." *Id.* at 290.

> The remedies herein provided are in addition to and not in substitution for any other remedies even though prior orders of support exist in this state or any other jurisdiction.

TEX.FAM.CODE ANN. § 21.03 (Vernon Supp. 1993). *See also Borchers,* 805 S.W.2d at 882 (URESA provides cumulative additional remedies).

> A support order made by a court of this state ... is not nullified ... by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court.

TEX.FAM.CODE ANN. § 21.31 (Vernon Supp. 1993). Thus, the statutory language allows for the contemporaneous existence of two independently valid support orders providing for child support payments in different amounts. *Borchers,* 805 S.W.2d at 881–82.

The Florida RURESA action is an ancillary proceeding and is just one of the remedies available to the appellees. Another remedy afforded to appellees is a direct action in the Texas court of continuing jurisdiction to enforce its original child support order. The Florida dismissal order did not specifically provide that it nullified the Texas support order; therefore, the Florida order does not affect the power of the Texas court to enforce its original support order.

■ McConnell next asserts that Rhonda Vickery is estopped from collecting the support arrearages. Estoppel is an affirmative defense that must be specifically pled. TEX.R.CIV.P. 94. A party asserting estoppel must allege all the facts essential to its existence with particularity and precision. *Concord Oil Co. v. Alco Oil & Gas Corp.,* 387 S.W.2d 635, 639 (Tex.1965); *Riley v. Powell,* 665 S.W.2d 578, 581 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Turcotte v. Trevino,* 499 S.W.2d 705, 718 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). No inferences are made in favor of such a plea. *Riley,* 665 S.W.2d at 581; *Turcotte,* 499 S.W.2d at 718.

In his Original Answers Subject to Special Appearance, McConnell stated:

> Pleading further, Respondent invokes the defenses of laches, limitations, res judicata, estoppel, collateral estoppel, estoppel by judgment, estoppel in pais, merger, bar issue preclusion, waiver, and the full faith and credit doctrine.

McConnell further pled that this action is barred because of the existence of identical parties and identical issues to be litigated in the present suit and the Florida proceeding. Appellant's pleading did not allege any facts essential to support his affirmative defense; therefore, the pleading was insufficient to constitute a valid plea of estoppel.

■ The issue of estoppel was not tried by express or implied consent because the Attorney General objected to the insufficient pleading at trial and, in fact, the issue was never argued at trial. The arguments at trial and those gleaned from McConnell's answer pertained to res judicata and collateral estoppel. McConnell argued estoppel for the first time on appeal in his supplemental brief.

■ Moreover, the trial court made no findings regarding estoppel. If a trial court does not enter a finding or conclusion regarding a certain defense, we "will assume that the trial court decided the issue in accordance with the judgment and that the movant did not meet the burden of proving that issue." *Gawlik v. Gawlik,* 707 S.W.2d 256, 259 (Tex.App.—Corpus Christi 1986, no writ); *see* TEX.R.CIV.P. 299. Thus, we will assume that the trial court resolved the issue consistent with its judgment that McConnell is in arrears in making his child support payments totalling $8,737.80.

We overrule appellant's single point of error and affirm the trial court's judgment.