

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00315-CV

IN THE INTEREST OF V.L.K., A
CHILD

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Ex-husband appeals the trial court's order modifying his child support payments, which were established in a 1999 divorce decree. In four issues, Ex-husband complains that the trial court abused its discretion by denying his no-evidence motion for summary judgment; that there is no evidence to support the trial court's order increasing his monthly child support obligation; that the trial court abused its discretion by ordering that he pay back child

---

[1]*See* Tex. R. App. P. 47.4.

support; and that the trial court erred by modifying a written agreement that he and Ex-wife entered into after the original divorce decree. We will affirm.

## II. BACKGROUND

Ex-husband and Ex-wife were divorced on July 1, 1999. In the divorce decree, the court named both parents as joint managing conservators of their daughter V.L.K. Among other things, the divorce decree granted Ex-wife the right to establish V.L.K.'s primary residence; the right to consent to medical, dental, and surgical treatments; as well as the right to receive $275 monthly child support payments from Ex-husband. The order also established that V.L.K.'s primary residence was restricted to Denton County and contiguous counties.

On September 18, 2003, Ex-husband drew up an agreement, signed by both parties, which stated that the parties would resolve their own disputes concerning possession, conservatorship, and access to V.L.K. The agreement contained a list of specific rights between the parties. Significant to this appeal, the agreement lifted the domicile restriction and absolved Ex-husband of child support payments. There is some evidence that Ex-husband may have filed the agreement with the trial court, but there is zero evidence that the trial court approved the agreement or made a finding that the agreement was in the best interest of V.L.K. Tex. Fam. Code Ann. § 153.007 (West 2008). In fact, at the final enforcement hearing, Ex-husband testified that the agreement "was not heard by a judge." The agreement had been prompted by Ex-wife's marriage to

a United States military serviceman who was stationed in Germany. The agreement specifically stated that the domicile restriction "will resume and possession, access and visitation will resume . . . upon [Ex-wife and V.L.K. returning] from Germany." Remarkably, the agreement did not state that Ex-husband's child support payments were to resume upon Ex-wife and V.L.K. returning from Germany.

After moving to Germany, Ex-wife's current husband re-enlisted in the military and was deployed to Hawaii. On February 5, 2007, Ex-wife filed a motion to modify the parent-child relationship, asking the court to lift the domicile restriction and allow V.L.K. to move with her to Hawaii. After filing an emergency motion for temporary orders, the trial court ordered that V.L.K. would be allowed to move to Hawaii. Based on the Texas Family Code guidelines for child support, the trial court also increased Ex-husband's child support obligation for V.L.K. to $375 per month. Ex-husband filed for a jury trial regarding the domicile restriction. In October 2008, Ex-wife and V.L.K. moved back to Denton County. No jury trial was held.

A final hearing was heard on September 29, 2009. The court ordered that the original domicile restriction remain. The trial court also found Ex-husband in arrears of $7100 in past child support. The trial court ordered Ex-husband to pay $675 per month until he paid his arrearage. Consistent with the temporary

orders, and once Ex-husband exhausts his arrears, the trial court ordered his child support obligation at $375 per month. This appeal followed.

## III. Discussion

### A.    Ex-husband's No-Evidence Summary Judgment Motion

In his first issue, Ex-husband contends that the trial court erred by denying his no-evidence motion for summary judgment. Specifically, he argues that summary judgment was proper because Ex-wife allegedly presented no evidence to defeat the motion.

As a general rule, appellate courts do not have jurisdiction to review on appeal the denial of summary judgment. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966); *Hines v. Comm'n for Lawyer Discipline*, 28 S.W.3d 697, 700 (Tex. App.—Corpus Christi 2000, no pet.). In fact, where a motion for summary judgment is denied by the trial court and the case is thereafter tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal. *See Ackermann*, 403 S.W.2d at 365; *Horton v. Horton*, 965 S.W.2d 78, 88 (Tex. App.—Fort Worth 1998, no pet.). While a no-evidence motion for summary judgment differs in some respects from the traditional motion for summary judgment, the comment to Rule 166a(i) states that the denial of a no-evidence motion for summary judgment is no more reviewable by appeal or mandamus than the denial of a traditional motion for summary judgment. Tex. R. Civ. P. 166a cmt. Therefore, the denial of a no-evidence motion for summary

judgment should be treated the same as the denial of a traditional motion for summary judgment. *See Hines*, 28 S.W.3d at 700. Accordingly, we have no jurisdiction to review the trial court's denial of Ex-husband's no-evidence motion for summary judgment. *See In re R.W.*, 129 S.W.3d 732, 744 (Tex. App.—Fort Worth 2004, pet. denied) (holding that court of appeals had no jurisdiction to review a trial court's denial of motion for no-evidence summary judgment in a suit affecting the parent-child relationship). Thus, we dismiss Ex-husband's first issue.

### B.    Ex-husband's Increased Child Support Obligation

In his second issue, Ex-husband argues that there is no evidence, or alternatively insufficient evidence, to support the trial court's order increasing his child support obligation from $275 per month to $375 per month. Specifically, Ex-husband argues that because Ex-wife failed to prove a material and substantial change to V.L.K.'s circumstances since the 1999 divorce decree establishing child support, the trial court could not have modified his obligation.

A trial court is given broad discretion in decreasing or increasing child support payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion. *In re Z.B.P.*, 109 S.W.3d 772, 781 (Tex. App.—Fort Worth 2003, no pet.) The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; that is, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801

S.W.2d 108, 109 (Tex. 1990). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). Under this standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error but are relevant in assessing whether the court abused its discretion. *In re A.B.A.T.W.*, 266 S.W.3d 580, 584 (Tex. App.—Dallas 2008, no pet.). We review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's ruling. *Id.* If some probative and substantive evidence supports the order, there is no abuse of discretion. *Id.*

The trial court may modify a previous child support order if "the circumstances of the child or a person affected by the order have materially and substantially changed" since the date of the order's rendition. Tex. Fam. Code Ann. § 156.401(a)(1)(A) (West 2008). In determining whether there has been a material and substantial change in circumstances, the trial court must examine and compare the circumstances of the parents and any minor children at the time of the initial order with the circumstances existing at the time modification is sought. *In re C.C.J.*, 244 S.W.3d 911, 918 (Tex. App.—Dallas 2008, no pet.). The party seeking to modify a child support order has the burden to prove a

6

material and substantial change in circumstances. *In re Z.B.P.*, 109 S.W.3d at 781.

A trial court's determination as to whether there has been a material and substantial change of circumstances is not guided by rigid rules and is fact specific. *Id.* at 779. For example, a change in custody of a child is, in and of itself, a material and substantial change. *Labowitz v. Labowitz*, 542 S.W.2d 922, 925 (Tex. Civ. App.—Dallas 1976, no writ) (father's appointment as managing conservator of children constituted material and substantial change requiring reallocation of financial obligations); *In re Z.B.P.*, 109 S.W.3d at 781–82 (modification order giving father right to establish children's primary residence was material and substantial change requiring reallocation of financial resources). The trial court may also consider the child support guidelines in chapter 154 of the family code in determining whether there has been a material and substantial change of circumstances. Tex. Fam. Code Ann. § 156.402(a) (West 2008); *In re A.B.A.T.W.*, 266 S.W.3d at 584. If the amount of ordered child support does not substantially conform with the child support guidelines, the trial court may modify the order to conform with the guidelines if the modification is in the best interests of the children. Tex. Fam. Code Ann. § 156.402(b); *In re A.B.A.T.W.,* 266 S.W.3d at 584. It is presumed a child support payment established by the guidelines is in the best interest of the child. Tex. Fam. Code Ann. § 154.122(a) (West 2008).

Here, there is ample evidence that because of Ex-wife's current husband's military service, V.L.K. has moved with Ex-wife to both Germany and Hawaii. Both of these moves required a lifting of the original domicile restriction and serve as evidence of a substantial and material change in circumstances. Furthermore, the child support amount that is now at $375 per month is now more in line with the child support guidelines than the previous $275 monthly obligation. Both of these changes in circumstances are probative and substantive evidence supporting the trial court's order. Additionally, Ex-wife testified that V.L.K. now had frequent bouts with tonsillitis which required medical attention and the potential need for a tonsillectomy. *See In re Marriage of Hamer*, 906 S.W.2d 263, 265–67 (Tex. App.—Amarillo 1995, no writ) (holding that a parent's testimony showing a substantial increase in the designated expenses of a child is enough to establish a material and substantial change in circumstances). Thus, the trial court did not abuse its discretion by increasing Ex-husband's child support payments. We overrule Ex-husband's second issue.

### C.    Notice of Final Hearing

In his third issue, Ex-husband argues that the trial court lacked jurisdiction to award Ex-wife arrears because Ex-husband was allegedly never properly served notice of the final enforcement hearing under Texas Family Code Section 157.062. *See* Tex. Fam. Code Ann. §§ 157.263, 157.062 (West 2008).

Failure to give the notice required by Section 157.062 does not render the proceeding void unless the lack of notice amounts to a denial of constitutional due process. *Ex parte Davis*, 161 Tex. 561, 563, 344 S.W.2d 153, 155 (1961); *Ex parte Sturdivant*, 544 S.W.2d 512, 513–14 (Tex. Civ. App.—Texarkana 1976, orig. proceeding). Contrary to Ex-husband's argument, the trial court does not lack jurisdiction even when a hearing is held in less than ten days. *Ex parte Boyle*, 545 S.W.2d 25, 27 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ).

At the hearing, Ex-husband appeared with counsel. He testified extensively about his relationship with V.L.K.; previous child support payments he had made to Ex-wife; other purchases for V.L.K. that he allegedly made in addition to child support; why he had ceased payments when Ex-wife moved from Denton County; and how he would handle purchases, school, and medical needs for V.L.K. if he was ordered possessory conservator. *See Ex parte Waldrep*, 783 S.W.2d 332, 334 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (holding that ex–husband was not denied due process merely because contempt hearing on his failure to make child support payments was held on less than ten days' notice where he voluntarily appeared at hearing and participated fully in proceedings). We hold that no due process violation occurred and overrule Ex-husband's third issue.

9

**D.     The Written Agreement Entered Into After Final Divorce Decree**

In his fourth issue, Ex-husband contends that the trial court erred by modifying the parties' written agreement that was entered into after the final divorce decree that established matters of custody and child support. Specifically, Ex-husband states that absent a finding of fraud, coercion, or mistake, the trial court lacked authority to modify the parties' own written agreement. Ex-husband's main complaint seems to be that the trial court could not have found that he owed back child support payments because the written agreement excused him from the obligation.

It is true that Texas Family Code Section 153.007 provides that the parties to a dispute regarding conservatorship, or possession and access, or both, may amicably settle their disputes by entering into an agreed parenting plan. Tex. Fam. Code Ann. § 153.007. But even agreed-to matters of conservatorship or possession are subject to the trial court's approval after considering the child's best interest. *Id.* And the trial court plays an integral role in child support proceedings to ensure the protection of the child's best interest. *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Williams v. Patton*, 821 S.W.2d 141, 143–44 (Tex. 1991); *London v. London*, 192 S.W.3d 6, 15 n.4 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Private agreements to modify child support obligations that bypass this protection—the trial court's integral role—are thus against public policy and unenforceable. *See*

*Williams*, 821 S.W.2d at 147–48; *Sudan v. Sudan*, 145 S.W.3d 280, 285 (Tex. App.—Houston [14th Dist.] 2004), *rev'd on other grounds*, 199 S.W.3d 291 (Tex. 2006); *State v. Borchers*, 805 S.W.2d 880, 882 (Tex. App.—San Antonio 1991, writ denied).

A final judgment containing a child support order remains in effect until modified by the court. *See Gonzalez v. Tippit*, 167 S.W.3d 536, 542 (Tex. App.—Austin 2005, no pet.); *In re D.S.*, 76 S.W.3d 512, 517 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Thus, if the parties agree to modify child support, they must take their agreement to the trial court, which will make orders as necessary to ensure that the child support obligations continue to serve the best interest of the child. *See Williams*, 821 S.W.2d at 143–44; *Kurtz v. Kurtz*, 158 S.W.3d 12, 20 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Sudan*, 145 S.W.3d at 285.

In this case, neither Ex-husband nor Ex-wife asked the trial court to modify the child support obligations found in the original divorce decree to allow Ex-husband to cease paying child support when Ex-wife moved to Germany. And there is simply no explanation as to why Ex-husband ceased paying child support once the temporary orders lifting the domicile restriction and increased child support were in place. Ex-husband's statement in his brief that he filed the parties' written agreement with the trial court will not suffice to show the trial court approved of the agreement; even Ex-husband testified that the agreement "was

11

not heard by a judge." Because the trial court never made a finding that the written agreement between Ex-husband and Ex-wife was in the best interest of V.L.K., it was unenforceable. And there is ample evidence in the record that Ex-husband ceased child support payments for two extended periods of time—once when Ex-wife moved to Germany and again after the temporary orders increased Ex-husband's child support obligation from $275 to $375 per month. We overrule Ex-husband's fourth issue.

## IV. CONCLUSION

Having dismissed Ex-husband's first issue and overruled Ex-Husband's remaining three issues, we affirm the trial court's order.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED: July 28, 2011

12